## Williams v. Bryant et al.

Jan. 19, 1945.

G. G. Rawlings for appellant.

James Greene, Jr., for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

By his petition as amended appellant, W. A. Williams, alleged that appellees, Matt Bryant, Ross Wallace and Mrs. Pearl Van Money, are obstructing a public unimproved street in the town of Harlan in front of his property, thereby interfering with his use of the street and damaging his property fronting thereon. An injunction was asked against appellees to prevent further obstruction of the street and to require them to remove the existing ones therefrom. A joint answer was filed which is a denial. Upon hearing proof taken by depositions the chancellor dismissed the petition and Williams appeals.

Appellant's property lies east of the street and that of appellees abut the street on the west. The street runs in a general north-south direction and the Coal Bank Branch runs parallel with it and in places constitutes part of the street. All parties derive title through a common source, J. L. Smith. This reservation appears in the deed Smith executed to appellant on Jan. 28, 1919: "First party reserves the right of way for wagon road along east side of Coal Branch as the road now runs and

second party is to have free right of way over the road along west bank of said branch all way along west side of the above described boundary and out to streets in J. L. Smith Addition.''

In the deed Smith executed to Allen Hensley, Sr. (appellees' remote grantor), dated Feb. 19, 1920, reference is made to a corner marked by a stone 20 feet west of the branch and to a line ''running up Coal Bank Branch with fence about 20 feet west of the meanders of said branch along west side of wagon road, running along west side of said branch to a point where said road crosses the branch south of house where W. A. Williams lives. * * * Said wagon road up the branch above mentioned is to be kept open for public use and said Hensley is to have use of road running east of said branch.''

While appellant insists that this street was originally 20 feet wide, it is apparent from the above-quoted reservations contained in the two deeds executed by Smith that its width was not definitely established. These deeds further show that the road west of the branch was the one dedicated to the public and is now the unimproved street involved in this controversy.

Appellant testified that this road or street was originally 20 feet wide and that Matt Bryant had built a stone wall in front of his property which encroached 9 feet 10 inches thereon; that Ross Wallace had constructed in front of his property a slab retaining wall which reduced the width of the street from 20 feet to 17½ feet at the north end of that wall and to 12½ feet at the south end of same; that Mrs. Van Money had dumped dirt in the street which reduced its width to some 10 or 12 feet. He further testified that the street had been so narrowed by these obstructions that two cars or trucks could not pass in it except at certain wide places designated in his testimony. It is rather significant that Williams is the only person complaining of the alleged obstructions and he is the only witness who testified on his side of the case.

Bryant and Wallace admit constructing walls in front of their lots but both deny their walls encroached on the street. Mrs. Van Money denied she had dumped dirt in the street but admitted some dirt from an excavation on her lot was used to fill holes in the street. In addition to appellees, four apparently disinterested wit-

nesses, who have known and traveled this street from 10 to 25 years, testified the walls of which appellant complains do not encroach on the street; that it is as wide as ever and is in better condition for travel than in former years. They stated that the branch in heavy rains overflows the street and erosion and washing widened it at some points and reduced its width at others.

An issue of fact was raised for the chancellor's decision and the record convinces us that he reached the correct conclusion and his judgment that the appellees have not obstructed the street is amply supported by the evidence.

Appellant puts much confidence in Bohne v. Blankenship, 77 S. W. 919, 25 Ky. Law Rep. 1645, but we cannot see its application. An examination of the Bohne opinion discloses that a fence was built across a passway and this court held that an injunction should have restrained the builders of the fence from obstructing the passway or road. In the instant case the evidence fails to show that appellees encroached on the street or in any way obstructed its use.

The judgment is affirmed.